914 F.2d 1497
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellant,
v.
Philip Randy CASTIGLIONE and Donna Sue Castiglione,
Defendants-Appellees.
 No. 90-10340.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 11, 1990.*
Decided Sept. 24, 1990.
 Before CHOY, FARRIS and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The government appeals the district court's order excluding evidence of acts occurring before the effective date of 18 U.S.C. Sec. 1344 (bank fraud), in the prosecution of Philip Randy Castiglione. We have jurisdiction under 18 U.S.C. Sec. 3731. We reverse and remand.
 
 FACTS
 
 3
 On February 8, 1990, Philip and Donna Castiglione were indicted. Both defendants were charged with one count of making false statements under penalty of perjury in connection with their bankruptcy proceeding, in violation of 18 U.S.C. Sec. 152. Additionally, Philip Castiglione was charged with one count of fraudulently transferring property in contemplation of bankruptcy, in violation of 18 U.S.C. Sec. 152, one count of bank fraud, in violation of 18 U.S.C. Sec. 1344, one count of making false statements to a federally insured bank, in violation of 18 U.S.C. Sec. 1014, and two counts of subscribing to false personal tax returns, in violation of 26 U.S.C. Sec. 7206(1).
 
 
 4
 In Count 3 it was alleged that beginning in October 1982 and continuing until January 1987 when he declared bankruptcy, Philip Castiglione "knowingly executed and attempted to execute a scheme and artifice to defraud the Bank of America, a federally insured financial institution, out of approximately $6,000,000." According to this count of the indictment, Philip Castiglione executed the bank fraud scheme by obtaining loans from the bank and falsely stating that the loan proceeds would be used for farming purposes. It was also alleged in Count 3 that Philip Castiglione had no intention of repaying the loans, and instead intended to prevent the bank from recovering the funds by transferring title to some of his assets and by commencing a bankruptcy proceeding in which he would fail to disclose his true financial condition.
 
 
 5
 Count 3 of the indictment detailed numerous acts Philip Castiglione allegedly took in furtherance of the bank fraud scheme. On April 26, 1990, the government filed a notice of its intention to use as evidence certain telephone conversations between Philip Castiglione and his friend, Steve Davis. Some of the conversations took place before October 12, 1984, the effective date of the bank fraud statute.
 
 
 6
 On July 11, 1990, the district court entered a written order excluding as to Count 3 "evidence of acts that occurred prior to October 12, 1984" because there was no indication that Congress intended the bank fraud statute to apply retroactively to conduct occurring before the statute became effective. In a motion for reconsideration, the government argued that evidence of acts occurring prior to October 12, 1984 was admissible to prove a continuing scheme to defraud as charged in Count 3.
 
 
 7
 At a hearing on July 16, 1990, the district court denied the government's motion for reconsideration, stating that "no act that occurred prior to the effective date of the statute could be charged under the statute, and no act or conversation of the defendant [Philip Castiglione] at a time when there was no crime could be used against him." We construe the district court's order and its denial of the government's motion for reconsideration to mean that the district court concluded that the ex post facto clause prevents Philip Castiglione from being punished for violating the bank fraud statute based on acts he took before the statute became effective, and that the ex post facto clause bars the admission of evidence of acts occurring before the statute's effective date to prove a violation of the statute.
 
 DISCUSSION
 
 8
 We review a challenge under the ex post facto clause de novo. United States v. Mason, 902 F.2d 1434, 1437 (9th Cir.1990). Also, "[w]hile we review evidentiary rulings for an abuse of discretion, the district court's construction of the rules of evidence is reviewed de novo." United States v. Emmert, 829 F.2d 805, 810 (9th Cir.1987) (citations omitted).
 
 
 9
 The ex post facto clause "forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.' " Weaver v. Graham, 450 U.S. 24, 28 (1981) (quoting Cummings v. Missouri, 71 U.S. (4 Wall.) 277, 325-26 (1867)).[1] The clause is violated if a law "changes the legal consequences of acts completed before its effective date." Weaver v. Graham, 450 U.S. at 31.
 
 
 10
 On appeal, the government contends that a scheme beginning before and concluding after the effective date of the bank fraud statute can be charged as a violation of that statute. Under the bank fraud statute, "[w]hoever knowingly executes, or attempts to execute, a scheme or artifice to defraud a federally ... insured financial institution ... shall be fined not more than $10,000, or imprisoned not more than five years, or both." 18 U.S.C. Sec. 1344(a).[2] We have held that the "plain language of the statute states that each separate execution of the scheme constitutes a separate offense." United States v. Mason, 902 F.2d at 1437 (9th Cir.1990).
 
 
 11
 Only those separate executions of the bank fraud scheme that occur after the statute's effective date are violations of the statute. See id. at 1438 ("Since none of these [separate executions of the bank fraud scheme] applies to events occurring before the statute's enactment, we find no violation of the Ex Post Facto Clause." ). The government cannot convert executions of the alleged bank fraud scheme that occurred before the statute's effective date into violations of the statute simply by charging all executions of the scheme occurring before and after the effective date as one single offense.
 
 
 12
 However, the ex post facto clause does not render inadmissible evidence of acts occurring before the effective date of the bank fraud statute as direct evidence to prove the existence and purpose of a bank fraud scheme which was executed after the statute's effective date. See United States v. Campanale, 518 F.2d 352, 364-65 (9th Cir.1975). Nor does the ex post facto clause prohibit evidence of acts occurring before a statute's effective date to be admitted as evidence of other crimes, wrongs, or acts evidence under Fed.R.Evid. 404(b)[3] to prove the defendant had, after the statute's effective date, the specific intent required to violate the statute.
 
 
 13
 We conclude that the district court erred in holding that the ex post facto clause bars the admission of evidence of acts occurring before the bank fraud statute's effective date, when the evidence is offered to prove the existence and purpose of a bank fraud scheme which was executed after the statute's effective date. The evidence would also be admissible as evidence of other crimes, wrongs, or acts under Fed.R.Evid. 404(b) to prove that Philip Castiglione had, after the statute's effective date, the specific intent required to violate it. The evidence would also be admissible under Fed.R.Evid. 404(b) to prove that Philip Castiglione had the specific intent required to violate 18 U.S.C. Sec. 1014 (making false statements to a federally insured bank) as charged in Count 4.
 
 
 14
 We note that the Castigliones also objected to the admission of the taped conversations between Philip Castiglione and Steve Davis on grounds other than that their admission would violate the ex post facto caluse.[4] The district court excluded the evidence solely on the ex post facto ground. The district court did not consider the Castigliones' other objections to admissibility of the evidence. Accordingly, we remand to the district court the question whether the taped conversations between Philip Castiglione and Steve Davis may be inadmissible on some ground other than the ex post facto ground on which the district court based its ruling.
 
 
 15
 This court's stay pending appeal as to Philip Castiglione filed July 27, 1990 is terminated.
 
 
 16
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The clause states: "No Bill of Attainder or ex post facto Law shall be passed." U.S. Constitution Const. art. I, Sec. 9, cl. 2
 
 
 [2]
 Section 1344(a) provides:
 (a) Whoever knowingly executes, or attempts to execute, a scheme or artifice--
 (1) to defraud a federally chartered or insured financial institution; or
 (2) to obtain any of the moneys, funds, credits, assets, securities or other property owned by or under the custody or control of a federally chartered or insured financial institution by means of false or fraudulent pretenses, representations, or promises, shall be fined not more than $10,000, or imprisoned not more than five years, or both.
 18 U.S.C. Sec. 1344(a).
 
 
 [3]
 Rule 404(b) provides:
 (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 Fed.R.Evid. 404(b).
 
 
 [4]
 The Castigliones also objected that the tapes were irrelevant and unfairly prejudicial, and that their admission would violate the Jencks Act